THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALLVOICE DEVELOPMENTS US, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICROSOFT CORPORATION,<br><br>　　　　Defendant. | CASE No. 2:10-cv-02102-RAJ<br><br>ORDER |

　　This matter comes before the court on Plaintiff Allvoice Developments US, LLC's ("Allvoice") motion for leave to supplement its infringement contentions to assert the doctrine of equivalents. Dkt. # 192.

　　Local Patent Rule 124 allows for amendments of infringement contentions "only by order of the Court upon a timely showing of good cause." W.D. Wash. Local Patent Rule 124. In determining whether good cause to amend infringement contentions exists, this District follows a two-part test: first, examining the diligence of the moving party; and second, upon a finding of diligence, examining the prejudice to the non-moving party. *REC Software USA, Inc. v. Bamboo Solutions Corp.*, No. C11–0554JLR, 2012 WL 3527891, at *2-3 (W.D. Wash. Aug. 15, 2012). If the moving party has not demonstrated diligence, there is no need for the court to consider the question of

prejudice. *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1367-68 (Fed. Cir. 2006). A determination of whether the moving party has demonstrated diligence is within the sound discretion of the trial court. *See MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1380 n.5 (Fed. Cir. 2005). The burden is on the party seeking to amend its infringement contentions to establish diligence rather than on the opposing party to establish a lack of diligence. *O2 Micro*, 467 F.3d at 1366.

This case was originally filed in the Eastern District of Texas on August 14, 2009. Dkt. # 1. Allvoice served Interrogatory No. 21 seeking Microsoft's non-infringement contentions on March 30, 2010. Dkt. # 192-2 (Shih Decl.) ¶ 4. Microsoft initially responded on May 3, 2010 with objections, and supplemented its response in September 2010 with a list of elements it contended were absent from the accused products, including the "audio identifiers" and "link data" elements. *Id.*; Dkt. # 192-3 at 5, 7 (Ex. A to Shih Decl.). On January 3, 2011, this case was transferred to the Western District of Washington. Dkt. # 128. In its December 21, 2011 *Markman* order, the court, among other things, construed certain claim terms in a manner unfavorable to Allvoice. Dkt. # 166. On January 4, 2012, Allvoice asked the court for reconsideration of the *Markman* order. Dkt. # 169. The court denied Allvoice's motion for reconsideration on January 23, 2012. Dkt. # 172.

On April 12, 2012, Allvoice sought leave to amend its infringement contentions. Dkt. # 177. In that motion, Allvoice sought leave to include contentions under the doctrine of equivalents for the "link data" and "audio identifiers" elements, among other things. *Id.* at 5 ("The amended chart provides the additional specificity necessary to identify the variables and data structures containing the new required elements in the first rows dealing with 'link data' or 'audio identifiers.' . . . Although Allvoice believes Microsoft literally infringes these elements, Microsoft presumably advocated for their inclusion because it believes otherwise; accordingly, the amended chart also includes

1  appropriate contentions under the doctrine of equivalents for these elements."). The court
2  denied that motion because Allvoice had not acted diligently in seeking to amend its
3  infringement contentions. Dkt. # 183 at 4.
4       On February 12, 2013, twenty-nine months after receiving the supplemental
5  response that only provided a list of noninfringement contentions, Allvoice asked
6  Microsoft to supplement its interrogatory response with additional detail on its non-
7  infringement contentions. Dkt. # 199-1 at 2 (Ex. A to Byer Decl.). On March 25, 2013,
8  Microsoft supplemented its response with additional detail. Dkt. # 192-2 (Shih Decl.) ¶
9  4, Ex. B. Microsoft limited the second supplemental response to the remaining asserted
10 claims: **28**, 37-38, 49-50, **51**, **56**-57, **71**, 72, **73**-74, **77**.[1] Allvoice now claims that the
11 additional detail provided by Microsoft and Microsoft's failure to provide timely
12 supplemental responses and follow Local Patent Rule 121(a) precipitated the motion for
13 leave to supplement the infringement contentions to include the doctrine of equivalents.
14 The record belies Allvoice's claim.
15      First, Allvoice has provided no explanation as to why it did not follow up on
16 Microsoft's September 2010 supplemental response if it believed it was inadequate. The
17 second supplemental response does not identify any new non-infringement contentions,
18 although it does provide significantly more detail. Nevertheless, the first supplemental
19 response put Allvoice on notice that "Microsoft specifically denies any infringement
20 under the doctrine of equivalents because the accused products do not perform
21 substantially the same function in substantially the same way to achieve substantially the
22 same results for the individual limitations of the asserted claims." Dkt. # 192-3 at 15 (Ex.
23 A to Shih Decl.). Additionally, Microsoft expressly stated that the accused products did
24 not embody "audio identifiers" or "link data" among other elements. Dkt. # 192-3 at 6, 8
25 (Ex. A to Shih Decl. at 5, 7). Allvoice's knowledge of its need to amend its contentions
26
27     [1] Independent claims are in bold. *See* Dkt. # 192-4 at 15 (Ex. B to Shih Decl.).

to include the doctrine of equivalents for "link data" and "audio identifiers" is best exemplified by its request to do so in its April 2012 motion to amend its infringement contentions. The fact remains that Allvoice did nothing between September 2010 and February 2013 to seek supplemental responses to what it perceived to be inadequate discovery responses.

Second, Allvoice's attempt to use Local Patent Rule 121(a) is misguided. Rule 121 provides in relevant part: "Not later than 30 days after service upon it of the 'Disclosure of Asserted Claims and Infringement Contentions,' each party opposing a claim of patent infringement, shall serve on all parties its 'Non-Infringement and Invalidity Contentions' which shall contain the following information: . . ." The problem for Allvoice is that this case was transferred to this District in January 2011. Before that, this case was governed by the Eastern District of Texas Local Patent Rules. *See* http://www.txed.uscourts.gov/page1.shtml?location=rules, Appx. M. By the time this case was transferred, the parties were long past the deadline to disclose asserted claims and infringement contentions which triggers the non-infringement and invalidity contentions.[2]

The court finds that Allvoice has failed to demonstrate that it acted diligently in seeking to supplement infringement contentions to assert the doctrine of equivalents when it was put on notice in September 2010 and it failed to seek supplemental responses for perceived inadequate responses by Microsoft until 29 months later.[3]

---

[2] The Eastern District of Texas Local Patent Rules require all parties to serve a "Disclosure of Asserted Claims and Infringement Contentions" within 10 days before the initial case management conference. E.D. Tex. LPR § 3-1. Within 45 days of service of the "Disclosure of Asserted Claims and Infringement Contentions," each party opposing a claim of patent infringement must serve its "Invalidity Contentions." *Id.* § 3-3.

[3] The court notes that even if the court used the November 26, 2012 date requesting Microsoft to provide substantive response to Allvoice's Interrogatory No. 21 based on Allvoice's second amended disclosure of infringement contentions (Dkt. # 199-1 at 4 (Ex. A to Byer Decl.)), the court's conclusion that Allvoice did not act diligently between September 2010 and then remains unchanged.

1     For all the foregoing reasons, the court DENIES Plaintiff's motion for leave to
2 supplement its infringement contentions.

4     Dated this 26th day of September, 2013.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge