THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALLVOICE DEVELOPMENTS US, LLC,

Plaintiff,

v.

MICROSOFT CORPORATION,

Defendant.

CASE No. C10-2102RAJ

ORDER

This matter comes before the court on Plaintiff Allvoice Developments US, LLC's ("Allvoice") motion for leave to supplement its infringement contentions to include Windows 8 products. Dkt. # 213. This is Allvoice's third motion for leave to amend its infringement contentions.[1]

Local Patent Rule 124 allows for amendments of infringement contentions "only by order of the Court upon a timely showing of good cause." W.D. Wash. Local Patent Rule 124. In determining whether good cause to amend infringement contentions exists, this District follows a two-part test: first, examining the diligence of the moving party; and second, upon a finding of diligence, examining the prejudice to the non-moving

---

[1] This matter may be decided on the papers submitted. Accordingly, plaintiff's request for oral argument is DENIED.

ORDER - 1

party. *REC Software USA, Inc. v. Bamboo Solutions Corp.*, No. C11–0554JLR, 2012 WL 3527891, at *2-3 (W.D. Wash. Aug. 15, 2012). If the moving party has not demonstrated diligence, there is no need for the court to consider the question of prejudice. *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1367-68 (Fed. Cir. 2006). A determination of whether the moving party has demonstrated diligence is within the sound discretion of the trial court. *See MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1380 n.5 (Fed. Cir. 2005). The burden is on the party seeking to amend its infringement contentions to establish diligence rather than on the opposing party to establish a lack of diligence. *O2 Micro*, 467 F.3d at 1366.

This case was originally filed in the Eastern District of Texas on August 14, 2009. Dkt. # 1. On January 3, 2011, this case was transferred to the Western District of Washington. Dkt. # 128. In its December 21, 2011 *Markman* order, the court, among other things, construed certain claim terms in a manner unfavorable to Allvoice. Dkt. # 166. On January 4, 2012, Allvoice asked the court for reconsideration of the *Markman* order. Dkt. # 169. The court denied Allvoice's motion for reconsideration on January 23, 2012. Dkt. # 172. This court has previously denied Allvoice's first and second motions for leave to amend its infringement contentions, finding that Allvoice had not demonstrated diligence. Dkt. # 177, 183.

On its third attempt, Allvoice argues that it was diligent in seeking leave to amend its infringement contentions to include the Windows 8 products, which were released in late 2012. The court has concerns regarding whether Allvoice has demonstrated diligence in moving to amend.[2] Nevertheless, the court's finding of undue prejudice is dispositive as to Allvoice's motion.

---

[2] The court notes that Microsoft asserted legitimate objections to Allvoice's discovery requests that the Windows 8 products were not at issue in this lawsuit since these products were not named in the infringement contentions. *See* W.D. Wash. Local Patent Rule 120(b) (requiring each accused apparatus, product, device, process, method, act, or other instrumentality to be

Allvoice argues that its proposed supplemental disclosure of infringement contentions merely "acts to extend the coverage of Allvoice's infringement allegations as to claims 51 and 73 to Windows 8 products." Dkt. # 213 at 6. If that were true, the only difference in language would be the addition of the term "Windows 8 products," not substantive changes to the language in the infringement contentions. The operative infringement contentions for Claim 51 assert, among other things, that "[t]he Accused Instrumentalities in operation on a computer input into the computer processor the recognition data and corresponding audio data." Dkt. # 191-10 at 49. In its proposed supplemental contentions, Allvoice alleges that Windows 8 "includes software instructions to input into the computer processor the recognition data and the corresponding audio data." Dkt. # 213-2 & 215 at 5 (Ex. A). Thus, Allvoice attempts to change its infringement theory by changing the language "in operation on a computer" to "includes software instructions to." Allvoice attempted to make this same change to its infringement contentions in its second motion for leave to amend with respect to the accused products, for which the court found Allvoice was not diligent. *See* Dkt. # 178-1 at 16 ("The Accused Instrumentalities include software instructions ~~in operation on a computer~~ to input into the computer processor the recognition data and corresponding audio data.").

This change is significant as Allvoice's expert has testified that Windows 8 users would not have the option of audio playback unless they used a third-party program. Dkt.

---

identified in infringement contentions); *see also* E.D. Tex. Local Patent Rule 3-1(b) (same). Nevertheless, there were numerous meet and confer efforts between December 2012 and June 2013 regarding the Windows 8 products. Based on the record before the court, it appears that in March 2013, for the first time, Allvoice advised Microsoft that the Windows 8 products were relevant as a non-infringing alternative. Dkt. # 213-9 at 5. Subsequently, Microsoft agreed to produce the source code based on Allvoice's contention that it was relevant to damages, but delayed in providing Allvoice the relevant documents for approximately three months. Microsoft disclosed the Windows 8 documents beginning in June 2013, and Allvoice's expert tested the products and concluded that it infringed the '273 Patent in September 2013. It appears to the court that both parties contributed to the delay.

ORDER - 3

# 213-8 at 5-7 (Ex. B-5, Sonnier Depo. at 213:2-22, 214:8-16, 215:13-25).  Thus, if Allvoice had sought to amend its contentions simply to add Windows 8, as they allege without any other changes, it appears, based on Mr. Sonnier's testimony, that the audio playback feature would not be "in operation on the computer."  Rather, it appears that the audio playback feature in Windows 8 products would only be available through a third-party program, or software instructions.  Accordingly, inclusion of the theory incorporating "software instructions" is new and material, and would require Microsoft to pursue additional fact and expert discovery.

The court finds that Microsoft would be unduly prejudiced if the court allowed Allvoice to assert this new theory of infringement where fact discovery has already closed, and the parties are working on a tight schedule to complete expert discovery.

For all the foregoing reasons, the court DENIES Plaintiff's motion for leave to supplement its infringement contentions.  Dkt. # 213.  The court GRANTS plaintiff's motion to seal.  Dkt. # 214.

Dated this 22nd day of November, 2013.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge